# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELIX ELECTRIC, INC., a California corporation, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>GRAND VIEW PV SOLAR TWO, LLC, an Idaho limited liability company,<br><br>　　　　　　　　Defendant. | Case No. 15-cv-2742-BAS-JLB<br><br>**ORDER STAYING THE MATTER PENDING RULING FROM THE SOUTHERN DISTRICT OF TEXAS** |

　　　　Defendant moves to dismiss this action alleging a duplicative action is currently pending in the Southern District of Texas. (ECF No. 10.) Plaintiff files a Response in Opposition arguing the Motion to Dismiss should be denied or, alternatively, the case should be stayed pending the outcome of a Motion to Dismiss/Transfer Venue currently outstanding in the Texas action. (ECF No. 17.)

　　　　This Court agrees that the motion to dismiss under the first-to-file rule should be granted, but also agrees to STAY this action pending the ruling from the Texas court on the outstanding Motion to Dismiss/Transfer Venue.

**I.　　PROCEDURAL HISTORY**

　　　　***The Texas Lawsuit***

On November 19, 2015, Grand View PV Solar Two, LLC ("Grand View") and its new parent company, Centaurus Renewable Energy, LLC ("CRE"), filed a lawsuit in Texas State court against Helix Electric, Inc./Helix Electric of Nevada, LLC JV; Helix Electric of Nevada, LLC; and Helix Renewables ("Helix"). (Declaration of Stephen Douglas ("Douglas Decl."), Exhibit 5, ECF No. 10-4 ("TX Comp.")). The Texas lawsuit alleges that Helix and Grand View entered into two contracts, one an Engineering Services Agreement ("ESA") on May 18, 2015, and the second an Engineering Services and Procurement Agreement ("Procurement Agreement") on June 25, 2015. (*Id*. ¶12.) CRE and Grand View allege Helix failed to perform under these agreements, and Grand View was forced to terminate the agreements. (*Id*. ¶14.)

The original Texas complaint alleges a count for breach of contract with respect to the ESA and the Procurement Agreement (*Id*. ¶¶ 16-20) and for unjust enrichment, alleging that Grand View paid Helix to procure certain equipment and to provide design services, which it failed to do. (*Id*. ¶22.) Finally, the Texas complaint asks the court for declaratory relief and for an accounting.

On December 7, 2015, Grand View and CRE amended the Complaint to add requests for a temporary/permanent injunction, along with causes of action for conversion and a request for a constructive trust, and served Helix with this First Amended Complaint. (Douglas Decl., Ex. 6, ECF No. 10-5). Helix immediately removed the case to federal court in the Southern District of Texas. (Douglas Decl., Ex. 8, ECF No. 10-7.)

Helix has moved to dismiss the Texas lawsuit for lack of personal jurisdiction or in the alternative to transfer venue to California. (Notice of Lodgment in Support of Helix's Opposition ("NOL") Exs. 1-3, ECF Nos. 17-3 through 17-5.) Those motions are still pending in the Southern District of Texas.

***The California Lawsuit***

On December 7, 2015, on the same day it removed the Texas lawsuit to federal court, Helix filed a second lawsuit against Grand View in this court. (Complaint, ECF

– 2 –

No. 1 ("Comp")). Similar to the Texas complaint, this complaint alleges that Helix entered into the written ESA and the Procurement Agreement with Grand View on May 18 and June 25, 2015. (Comp. ¶¶ 12-13, 23-24.) The Complaint states that "soon after management changes at [Grand View], on November 19, 2015" Grand View attempted to terminate both agreements. (Comp. ¶¶ 16, 27.) The Complaint has two causes of action for breach of these two contracts and two causes of action for declaratory relief, requesting that the court interpret the termination language in these two contracts.

## II. STATEMENT OF FACTS

Helix and Grand View entered into the written Engineering Services Agreement ("ESA") on May 18, 2015. (attached to Douglas Decl. as Exhibit 1, ECF No. 10-3.) They entered into the written Engineering Services and Procurement Agreement ("Procurement Agreement") on June 25, 2015. (attached to Douglas Decl. as Ex. 2, ECF No. 10-3.) The ESA and the Procurement Agreement both have California choice of law provisions. (ESA ¶18; Procurement Agreement ¶18.) In the agreements, Helix agrees not to initiate any action against Grand View in any location other than California. (*Id.*)

On August 18, 2015, in anticipation of CRE's upcoming purchase of Grand View, Helix entered into a Mutual Confidentiality Agreement ("MCA") with CRE. (Douglas Decl., Ex. 3, ECF No. 10-3.) The parties agreed to keep certain information confidential. This agreement had a Texas choice of law provision, and the parties agreed that Harris County in Texas would have exclusive jurisdiction over any proceeding "arising out of or relating to this agreement or to the proposed transaction." (MCA ¶15.)

On September 10, 2015, Grand View was acquired by CRE. (Douglas Decl., ECF No. 10-2.)) In October 2015, Helix sent CRE a letter alleging that CRE "may have" breached the MCA by showing Helix's price structure to a competitor who was then able to beat Helix's prices on the ESA and Procurement Agreement.

(Douglas Decl., Ex. 10, ECF No. 10-8.) On November 4, 2015, Swinerton Renewable Energy, a competitor of Helix, contacted Helix and asked that Helix transfer and assign all agreements with Grand View to Swinerton. Helix refused. (NOL Ex. 9, ECF No. 17-11.) On November 19, 2015, Grand View terminated the agreements with Helix and filed the lawsuit in Texas state court. (TX Comp. ECF No. 10-4.) On December 7, 2015, Helix filed this lawsuit in California court. (ECF No. 1.)

## III.   ANALYSIS

"There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc., v. Medtronic, Inc.*, 678 F.2d 93, 94-5 (9th Cir. 1982). In such a circumstance, the district court has discretion to dismiss, stay or transfer the case. *Youngevity Int'l, Inc. v. Renew Life Formulas, Inc.*, 42 F. Supp. 3d 1377, 1381 (S.D. Cal. 2014). The court's analysis under this "first to file" rule involves three factors: (1) the chronology of the lawsuits, (2) the similarity of the parties and (3) the similarity of the issues. *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).

Although the first to file rule is not to be disregarded lightly, it also is "not a rigid or inflexible rule to be mechanically applied." *Pacesetter,* 678 F.2d at 95; *Kohn Law Grp.*, 787 F.3d at 1239. Even if the above three factors exist, the court may dispense with the rule for reasons of equity, for example if the first suit was filed in bad faith, was an anticipatory suit or was filed for reasons of forum shopping. *Youngevity*, 42 F. Supp. 3d at 1383 (citing *Alltrade, Inc. v. Unweld Products, Inc.*, 946 F.2d 622, 629 (9th Cir. 1991)).

"Generally, a suit is anticipatory when the plaintiff files suit upon receipt of specific, concrete indications that a suit by the defendant is imminent." *Id*. Such anticipatory suits are disfavored because they constitute a form of forum shopping

and can thwart settlement negotiations. *Id.*; *Z-Line Designs, Inc. v. Bell'O Int'l., LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003).

"Bad faith is evident when the plaintiff in the first action induces the other party to, in good faith, rely on representations made by the plaintiff that it will not file first in order to preempt the other party from filing a suit in its preferred forum." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Payless Shoesource, Inc.*, No. C-11-1892-EMC, 2012 WL 3277222 at *7 (N.D. Cal. Aug. 19, 2012). However, "[f]iling first to establish tactical advantage over the defendant is not 'bad faith.'" *Id*. "Nor is bad faith established merely because one of the parties engaged in good faith negotiations decides to file suit." *Id.*

Helix does not dispute that CRE and Grand View filed a lawsuit first in Texas, nor that the two lawsuits involve substantially the same parties and the same issues. Although the California case does not include CRE, CRE sues as the parent company of Grand View and thus the parties are substantially the same. *See Kohn Law Grp.*, 787 F.3d at 1241 (exact identity of the parties is not required for the first-to-file rule to apply). Furthermore, both lawsuits involve allegations of breach of contract and declaratory judgment pertaining to the ESA and the Procurement Agreement. Clearly, there is "substantial overlap" between the two suits. *See Kohn Law Grp.*, 787 F.3d at 1241.

Instead, Helix argues that this court should dispense with the first to file rule because the Texas lawsuit was an anticipatory suit filed for reasons of forum shopping and was filed in bad faith. The Court finds these arguments unpersuasive.[1]

***Anticipatory Lawsuit***

In this case, the October letter from Helix to CRE merely states that CRE "may

---

[1] Helix also filed a motion to strike portions of Grand View's reply brief, alleging that Defendant improperly raised a new legal theory and new facts in reply. (ECF No. 23.) Because the Court's resolution of Grand View's motion to dismiss is not based on new arguments or facts raised in reply, Helix's motion to strike is TERMINATED AS MOOT.

– 5 –

have disclosed" certain information in violation of the MCA. Helix requests that CRE "immediately cease" this disclosure and obtain return of the material disclosed. (Douglas Decl., Ex. 10, ECF No. 10-8.) There is no threat of litigation or indication that a lawsuit was imminent.

Instead of arguing that the lawsuit was filed "upon receipt of specific, concrete indications that a suit by [Helix] was imminent," Helix argues it didn't have time to give indications of a lawsuit because Grand View terminated the contracts at the same time it filed suit. (Resp. in Opp'n, ECF No. 17.)

Merely finding an anticipatory lawsuit in the situation where a party didn't have the "opportunity to either file first or indicate an intent to do so," *Id*. 7:17, would completely eviscerate the first to file rule. There is no evidence the Texas lawsuit was filed in anticipation of imminent litigation. Therefore, this exception to the first to file rule is not applicable to this case.

### *Forum Shopping*

Helix argues CRE and Grand View were forum shopping when they filed the initial lawsuit in Texas because, although California law would allegedly apply to the two agreements, Texas courts are hostile to California's breach of good faith/fair dealing law. Such apprehension is not an appropriate consideration for this court. As stated in *Pacesetter* in the context of an expressed concern that the first court would not appropriately consider a forum non conveniens argument:

> Such apprehension implies a lack of discipline and of disinterestedness on the part of the lower courts, hardly a worthy or wise basis for fashioning rules of procedure. It reflects an attitude against which we were warned by Mr. Justice Holmes, speaking for the whole Court, likewise in regard to a question of procedure: "Universal distrust creates universal incompetence." [citation omitted] If, in a rare instance, a district judge abuses the discretionary authority the want of which precludes an effective, independent judiciary, there is always the opportunity for corrective review by a Court of Appeals and ultimately by this Court.

678 F.2d at 96, quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180,

185 (1952). Helix fails to show that the Texas court, if required to do so, will not appropriately honor and follow the California choice of law provision. In the unlikely situation where the Texas court improperly fails to apply California law if required to do so, the parties have the option of appeal.

*Bad Faith*

Helix fails to offer any evidence of bad faith. Helix argues that CRE's "MCA claim is completely unrelated to the claims by Grand View in the first-filed action and is being used in bad faith to bootstrap venue in Texas over claims that have absolutely no connection in fact or law with the state of Texas." (Resp. in Opp'n, ECF No. 17.) The Court finds this a curious argument in light of Helix's claims in this case. First, Helix sent CRE a letter in October alleging that CRE was violating the MCA by showing Helix's price structure to a competitor who was then able to beat Helix's prices on the ESA and Procurement Agreement. (Douglas Decl., Ex. 10, ECF No. 10-8.) The California Complaint now filed by Helix alleges breach of contract claiming that CRE "shopped Helix's price for the Project to Helix's competitors" and terminated the agreements to have "the work performed by Helix's competitors at a lower price." (ECF No. 4, ¶¶ 17, 26.) Implicit in these allegations is the charge originally made by Helix that CRE violated the MCA, revealed Helix's price structure and thus was able to get a cheaper price for the contracts. Far from being "completely unrelated," the Court finds the MCA is part and parcel of the breach of contract claims now being alleged in California. The Court finds no evidence of bad faith and refuses to find an exception on this ground.

Finally, Helix argues that "the balance of convenience" weighs in favor of California as opposed to Texas courts. (Resp. in Opp'n, ECF No. 17.) Normally issues of forum non conveniens, for example the convenience of the parties or witnesses, should be addressed to the court in the first filed action. *Pacesetter*, 678 F.2d at 96. That said, because a motion to dismiss or transfer venue on this very issue remains outstanding in Texas, this Court finds it appropriate to stay, as opposed to

– 7 –

dismiss, this action, pending the outcome of the Texas motion to dismiss. If the Texas Court finds venue is appropriate in Texas and refuses to grant the motion to transfer, this Court will dismiss the California action. It would waste judicial resources to have the exact same causes of action proceeding simultaneously in two different forums, not to mention the potential for contradictory rulings.

## IV. CONCLUSION

For the foregoing reasons, this Court **STAYS** this Action pending the outcome of the Motion to Dismiss and/or Transfer Venue pending in the Texas court. The parties are ordered to notify the Court within three days of the Texas court ruling. If the Texas Court denies the Motion to Dismiss/Transfer Venue, this Court will grant Defendant's Motion to Dismiss this Action.

**IT IS SO ORDERED.**

**DATED: June 1, 2016**

Hon. Cynthia Bashant
United States District Judge